UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

LETTER OPINION & ORDER
Under Temporary Seal

**VIA CM/ECF**
All counsel of record

    Re:    *United States v. Richard Simone, Jr.*
            Crim. No. 14-44 (MAS)

Dear Mr. Simone and Counsel:

This matter comes before the Court on Defendant Richard Simone, Jr.'s ("Defendant" or "Mr. Simone") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). The Court has considered the parties' submissions, and for the reasons set forth below, denies Defendant's Motion without prejudice.

## I. BACKGROUND & PARTIES' POSITIONS

On April 2, 2014, Defendant pled guilty to the offense of travelling interstate with the intent to engage in illicit sexual conduct. (Plea Hr'g Tr., ECF No. 34.) On October 6, 2014, the Court sentenced Defendant to 121 months imprisonment followed by five years of supervised release. (J. 1–3, ECF No. 39.) Defendant is serving his sentence at FCC Butner in North Carolina.

Mr. Simone argues that the current COVID-19 pandemic constitutes extraordinary and compelling circumstances warranting compassionate release. (Def.'s Moving Br. 3, ECF No. 48.) According to Defendant, "[i]mprisonment is meant to punish by restricting one's liberty, not by exposure to a deadly illness, when there are alternate options available." (*Id.*) Mr. Simone also argues that: (1) his release date is "quickly approaching"; (2) the Board of Prisons ("BOP") has been deliberately indifferent regarding the seriousness of COVID-19; (3) he has been a model inmate throughout his sentence; (4) he has the support of his family and friends; and (5) he has a strong release plan. (*Id.* at 4–7.)

In opposition, the Government argues that Defendant failed to demonstrate that he exhausted administrative remedies. (Gov't's Opp'n Br. 5–6, ECF No. 52.) In addition, the Government argues that Defendant "does not argue or suggest that he suffers from a medical condition which would diminish his ability to provide self-care within the correctional facility. Because [D]efendant has failed to advance any particularized reasons to justify his release under

the structure of § 3582(c)(1)(A), he has failed to meet his burden to establish that he is eligible for release and his motion should be denied." (*Id.* at 5.)

On reply, Mr. Simone argues that "courts are EMPOWERED . . . to consider ANY extraordinary and compelling reason for release that a Defendant might raise." (Def.'s Reply Br. 1, ECF No. 54.) In addition, Defendant argues that he satisfied administrative remedies and attaches a copy of his Inmate Request to Staff form, which requested compassionate release. (*Id.* at 1–2.)

## II.   LEGAL STANDARDS & DISCUSSION

A district court generally has limited authority to modify a federally-imposed sentence once it commences. *See United States v. Epstein*, No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010). The First Step Act ("FSA"), however, permits district courts to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence. 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c). As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2.

Here, the Court finds that Mr. Simone satisfied administrative remedies. The Court, however, finds that Defendant is not entitled to the requested relief. Notably, "[t]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Court is sensitive to Defendant's concerns regarding the risk of contracting COVID-19, especially since Defendant is nearing the end of his custodial sentence. Defendant, nevertheless, did not even assert that he has medical conditions that place him at increased risk of complications from a COVID-19 infection. Based on the record before the Court, Defendant has not met his burden of demonstrating that compelling and extraordinary reasons exist to justify compassionate release. The Court, consequently, denies Defendant's Motion.

## III.  ORDER

For the reasons set forth above,

**IT IS** on this 9th day of April 2021, **ORDERED** that:

1. Defendant's Motion (ECF No. 48) is denied without prejudice.

2. The Clerk shall file this Letter Opinion & Order under Temporary Seal. By May 7, 2021, either party may file a Motion to Seal that complies with Local Civil Rule 5.3(c). If neither party files a Motion to Seal by this deadline, the seal on the Letter Opinion & Order will be lifted.

3. The Clerk shall serve a copy of this Letter Opinion & Order upon Defendant by regular mail.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**